CHRISTOPHER MIDLER v. DAVID LAZADDER.

The party applying for a second adjournment, must make affidavit of the want of a material witness, whom he shall name, and that he thinks, he can produce at a future period, and then the justice may adjourn the trial, for a period not less than five, nor more than thirty days.  This court will reverse a judgment, obtained against a defendant in his absence, where the second adjournment was less than five days.

---

David Lazadder brought an action of debt in the court for the trial of small causes against Christopher Midler.  The summons was returned to the 23d day of May, 1831.  The justice in his transcript, says, "June 6th the plaintiff appeared. Defendant did not appear.  On the part of the plaintiff and on

an affidavit made and filed by the plaintiff, ' that if the trial of the cause be adjourned for a period beyond three days, he believes, he would be in danger of losing his demand,' I adjourned the trial to the 7th of June instant." On this day he had given judgment for the plaintiff, in the absence of the defendant. The proceedings and judgment are removed into this court by writ of certiorari.

*Hartwell* for the plaintiff in certiorari, and defendant below, moved for a reversal, and contended,

1. That the affidavit was insufficient, as it did not contain the name of the witness, nor the materiality of his testimony, nor that he could be produced at a future day. Without such an affidavit the justice is not authorized to grant a second adjournment.

2. If the affidavit was sufficient, still the justice could adjourn for a period not less than five days. He cited 17th section of the act constituting courts for the trial of small causes. *Rev. Laws,* 633.

*Nevius* contra.

HORNBLOWER, C. J. On the return day of the summons, the parties appeared, and on the prayer of the plaintiff below, the cause was adjourned till the sixth of June then next, at 2 o'clock, P. M. On that day, but at what hour of the day does not appear by the transcript of the justice, the cause was further adjourned at the instance of the plaintiff below, to the next day, that is to the seventh of June, at ten o'clock, A. M. And on this latter day the plaintiff appeared, and the justice proceeded to try the cause in the absence of the defendant, and rendered judgment against him for eighty-one dollars debt, four dollars thirty-one cents costs.

By the 17th section of the act, constituting courts for the trial of small causes, *Rev. Laws* 633, the justice is authorized, upon the application of either party, to grant a second adjournment; but then the party applying therefor, must make affidavit of the want of a material witness, (whom he shall name) and that he thinks he can produce him at a future day, and then the justice may adjourn the trial for a period not less than five, nor more than thirty days. The affidavit sent up by the justice, is as fol-

lows—"David Lazadder being duly sworn, on his oath, says, that he does believe, that if delay in the adjournment of the above suit be had, that he will be in danger of losing his demands; and therefore prays that the above suit be adjourned to some time not exceeding three days, and further saith not." This is not such an affidavit as the law requires; and if it was, the justice committed an error in adjourning only to the next day. If he adjourned at all, it ought to have been for five days at least.

Judgment reversed.